

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 1, 1955

Honorable Robert S. Calvert  
Comptroller of Public Accounts  
Capitol Station  
Austin, Texas  

Dear Mr. Calvert:

Opinion No. S-164

Re: Interpretation of Chapter 293, Acts of the 54th Legislature, 1955 (Article 717j, V.C.S.), as to facsimile signatures on public securities.

Your recent request for an opinion of this office poses the following questions:

1. Is a city, town or village included within the permissive terms of Chapter 293, Acts of the 54th Legislature, 1955 (Art. 717j, Vernon's Civil Statutes)?

2. Do Section 2 and the caption of the Act conform so as to permit the manual signature on securities by only the Comptroller of Public Accounts where the Comptroller is required to register the bonds?

Your first question is determined by the provisions of Section 1 of Chapter 293, which read as follows:

"The term 'public securities' as used herein, shall mean bonds, notes or other obligations for the payment of money issued by this State, by its political subdivisions, or by any department, agency or other instrumentality of this State or of any of its political subdivisions."

The question as to whether a city is a political subdivision, agency, or instrumentality of the State has been considered by the courts of Texas on a number of occasions. In City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S.W. 818,820 (1923), we find the following:

> "Cities or counties furnish convenient
> and appropriate agencies through which the
> State may perform duties resting on the State,
> in the performance of which the cities or
> counties have a special interest.  The use
> of cities or counties as agents of the State
> in the discharge of the State's duties is in
> no wise inhibited by the Constitution in Sec-
> tion 51 of Article 3 . . . (citing cases)."

In City of Abilene v. State, 113 S.W. 2d 631,633
(Tex.Civ.App. 1937, error dism.), we find the emphatic state-
ment:

> "Counties, cities and towns are municipal
> corporations.  Const. art. 11.  They are po-
> litical subdivisions of the state.  Id. Cor-
> poration of San Felipe De Austin v. State of
> Texas, 111 Tex. 108, 229 S.W. 845."

In Texas National Guard Armory Board v. McCraw, 132
Tex. 613, 126 S.W. 2d 627,638(1939), the court said:

> "The State has a vital interest in its
> cities.  In its governmental capacity a city
> is a political subdivision of the state, and
> in many instances is considered as an agent
> of the state; and the state may use such
> agent in the discharge of its duties . . .
> (citing cases)."

See also the cases: Ex parte Ernest, 136 S.W. 2d
595,597 (Tex.Crim. 1940); Harris County Drainage Dist. No. 12
v. City of Houston, 35 S.W. 2d 118 (Tex.Comm.App. 1931).

Thus, the facsimile signature bill is applicable to
the securities issued by cities, towns, and villages.

As to your second question, the caption of the bill
reads, in part:

> ". . . authorizing the execution of public
> securities by means of engraved, imprinted,
> lithographed or otherwise reproduced facsimile
> signature of all signatures (except one) required
> for execution, authentication, certification or
> endorsement of such securities . . ."

The body of the bill reads, in part:

"All public securities which hereafter
may be issued . . . may be executed with an
engraved, imprinted, lithographed, or other-
wise reproduced facsimile of any signature
required or permitted to be recorded there-
on in the execution, authentication, certi-
fication, or endorsement of such securities
. . . provided, however, that at least one
signature required to be placed thereon
shall be manually subscribed; and provided
that as to public securities required to be
registered by the Comptroller of Public Ac-
countes of the State of Texas, only his sig-
nature (or that of a deputy . . .) shall be
required to be manually subscribed to such
public securities."

Section 35, Article III of the Texas Constitution,
provides that "if any subject shall be embraced in an act,
which shall not be expressed in the title, such act shall
be void only as to so much thereof, as shall not be so ex-
pressed." Since the subject expressed in the caption of
Chapter 293 is limited to signatures required for the exe-
cution, authentication, certification or endorsement of the
securities, the act is void insofar as it purports to au-
thorize manual signature by only the Comptroller on securi-
ties for which is signature is not required for one of these
purposes.

It is, therefore, necessary to determine if the
Comptroller's signature is required for the "execution, au-
thentication, certification or endorsement" of such securi-
ties. As to cities, the Comptroller's signature is required
to be placed upon the bond by the provisions of Article 711,
V.C.S. As to all other agencies, subdivisions and departments,
we are governed by the provisions of Articles 4361 and 4362,
V.C.S., which provide that the Comptroller shall keep suitable
books as a "bond register" and issue "certificates of regis-
tration" of bonds.

The issuing agency has the power to prescribe the form and contents of the bonds it issues (some provisions being mandatory) and normally requires the Comptroller's execution of a certificate of registration before the bonds are issued by delivery and thereby become obligatory. Such certificate is normally in substantially the following form:

> "I hereby certify that there is on file in my office a certificate of the Attorney General of the State of Texas, to the effect that this bond has been examined by him as required by law, and that he finds that it has been issued in conformity with the Constitution and laws of the State of Texas, and that it is a valid and binding (special) obligation upon _____ and said bond has this day been registered by me. Witness my hand and seal of office . . ."

Thus, where the law or the issuing agency requires a certificate, the obligations may be issued with only the Comptroller's manual signature being placed thereon since his signature is "required for . . . certification . . . of such securities" within the caption provision. Where there is no such requirement, however, one of the officials of the issuing agency who is required to sign the bonds would be required to do so with a manual signature.

Very truly yours,

JOHN BEN SHEPPERD
Attorney General

By Elbert M. Morrow

Elbert M. Morrow
Assistant

EMM-s

APPROVED:

Will D. Davis
Special Reviewer

Mary K. Wall
Reviewer

J. A. Amis, Jr.
Reviewer

John Atchison
Acting First Assistant

John Ben Shepperd
Attorney General